IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Case No. 20-10545

_____

UNITED STATES OF AMERICA,

Appellee,

vs.

TIMOTHY JERMAINE PATE,

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

_____

**BRIEF OF APPELLANT TIMOTHY JERMAINE PATE**

_____

Justin D. Maines
Georgia Bar No. 549279
The Nye Law Group, P.C.
2008 Whitaker Street
Savannah, Georgia 31401
(912) 200-5230

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to FRAP 26.1 and 11th Cir. R. 26.1, Appellant certifies that the following persons have an interest in the outcome of this case:

Maines, Justin D., Counsel for Appellant

Baker, Jr., Honorable R. Stanley, United States District Court Judge

Howard, Christopher, Assistant United States Attorney

Greenwood, Nancy C., Assistant United States Attorney

Pate, Timothy J., Appellant

Barr, William P., United States Attorney General

Brown, Joseph R., United States Probation Officer

The Nye Law Group, P.C., Counsel for Appellant

# **STATEMENT REGARDING ORAL ARGUMENT**

Appellant is not requesting oral argument.

# **TABLE OF CONTENTS**

Certificate of Interested Persons And Corporate Disclosure Statement. . . . . . . . C-1

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .. . .. . . . ..v

Statement of the Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . 1

Statement of the Case

      ii. Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

      iii. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..3

Summary of Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Citation of Authority:

      Former government officials are not included in protected persons by the

      false lien statute . . . . . . . . . . . . . . . . . . . . . . …………………………….4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . .... .11

Certificate of Compliance...............................................................................12

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . ... ..13

# **TABLE OF AUTHORITIES**

Statutes, Regulations, and Administrative Materials

18 U.S.C. § 115..............................................................................................8, 9, 10

18 U.S.C. § 152……………………………………………………………….iv, 1

18 U.S.C. § 1114……………………………………………………….1, 5, 6, 8, 9

18 U.S.C. § 1291……………………………………………………………….…v

18 U.S.C. § 1521........................................................................v, 1, 3, 4, 5, 7, 9, 10

18 U.S.C. § 3231…………………………………………………………………v

18 U.S.C. § 3232………………………………………………………………….v

18 U.S.C. § 3742………………………………………………………………….v

Fed.R.App.P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....v, 12

Cases

Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321 (1961)……..………………5

Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 50 (1930)……..………………5

United States v. Clemons, 32 F.3d 1504, 1507-08 (11th Cir. 1994)……………….6

United States v. Frye, 402 F.3d 11123, 1126 (11th Cir. 2005)……………....3, 5

United states v. Garcia, 718 F.2d 1528 (11th Cir. 1983)………………………….5

United States v. Holder, 256 F3d 959, 965 (10th Cir. 2001)………………………6

Unites States v. Hoy, 137 F.3d 726 (2d Cir. 1998)………………………..…6

United States v. Kirkland, 12 F3d 199 (1994)…………………………….…8

iii

United States v. Lopez-Vanegas, 493 F.3d 1305, 1311 (11th Cir. 2007)……...3, 5

United States v. Raymer, 876 F.2d 383 (1989)………………………………...8, 9

United States v. Turkette, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527 (1981)……5

# **STATEMENT OF JURISDICTION**

A jury found Appellant Timothy Jermaine Pate guilty of 16 counts of Filing False Retaliatory Lien Against Federal Official in violation of 18 U.S.C. § 1521 and 5 counts of False Bankruptcy Declaration in violation of 18 U.S.C. § 152(3) (R 91). Because these offenses charged violations of the laws of the United States, the district court had jurisdiction over this case. 18 U.S.C. § 3231. Venue was appropriately placed in the Southern District of Georgia. 18 U.S.C. § 3232. The District Court entered a final, appealable judgement on that date (R 104). Pate timely filed a notice of appeal February 10, 2020 (R 106), within the fourteen-day limit provided by Fed. R. App. P. 4(b)(1)(A)(i). This Court has jurisdiction over this appeal pursuant 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Appellant contends there was insufficient evidence to authorize the jury to find the Appellant guilty of counts 1, 5, 6, and 8 of the Indictment alleging the offense of Filing False Retaliatory Lien Against Federal Official in violation of 18 U.S.C. § 1521 because the evidence was uncontroverted that the victims of the liens were not government employees or government officials at the time Appellant filed the pertinent liens as defined by 18 U.S.C. § 1114.

## STATEMENT OF FACTS

A grand jury returned a 21-count Indictment against Pate that included 16 counts of Filing False Retaliatory Lien Against Federal Official in violation of 18 U.S.C. § 1521 and 5 counts of False Bankruptcy Declaration in violation of 18 U.S.C. § 152(3). (R 21)

Count 1 of the Indictment alleged that on or about March 6, 2018, Mr. Pate filed a false lien and encumbrance against former Commissioner of the Internal Revenue Service (IRS), Mr. John Koskinen. Count 6 of the Indictment alleged that on or about May 7, 2018, Mr. Pate filed another false lien against Commissioner Koskinen. However, Commissioner Koskinen had left his position as a government official when his term of office expired in November of 2017. (TT day 2, P 1-2)

1

Count 5 of the Indictment alleged that on or about May 1, 2018, Mr. Pate filed a false lien and encumbrance against former Secretary of the Treasury, Mr. Jacob Joseph Lew. Count 6 of the Indictment alleged that on or about May 7, 2018, Mr. Pate filed a false lien and encumbrance against Secretary Lew. However, Secretary Lew left government service and was no longer a government official by January of 2017. (TT day 3, P 16-18)

The Appellant moved for a directed verdict as to counts 1, 5, 6, and 8 of the Indictment at the conclusion of the Government's case in chief. (R 95) The trial court denied the motion for a directed verdict by Pate. (R 95) The jury found Pate guilty of all counts. (R 91) The trial court imposed a total sentence of 300-months imprisonment. (R 104) This appeal follows.

## STANDARD OF REVIEW

This appeal concerns statutory interpretation and the applicability of federal statutes to Defendant's conduct. When reviewing statutory construction, the Court's review is *de novo*. United States v. Frye, 402 F.3d 11123, 1126 (11th Cir. 2005). The Court must also review de novo "[w]hether a criminal statute reaches a defendant's conduct." United States v. Lopez-Vanegas, 493 F.3d 1305, 1311 (11th Cir. 2007)

## SUMMARY OF ARGUMENT

Because it is undisputed that the victims of Pate's false and frivolous liens in counts 1, 5, 6, and 8 were not an officers or employees of the United States or of any agency in any branch of the United States Government, that there was insufficient evidence authorizing the jury to find Defendant guilty of violating 18 U.S.C. § 1521 and the trial court was required to dismiss those same counts of the indictment.

## ARGUMENT AND CITATION OF AUTHORITY

<u>**ISSUE**</u>:  <u>Did the trial court err in determining there was sufficient evidence for the jury to conclude former government officials were current government officers or employees?</u>

A relatively new pernicious phenomena in the legal system is what is widely complained of by the Internal Revenue Service, clerks of court, lawyers, law enforcement officers, and judicial officers as paperwork terrorism often filed such as in this case by self-styled sovereign citizens in the form of liens and other legal encumbrances in courts and recording offices having no basis in fact. To address this problem Congress in 2008 codified the criminal offense of filing frivolous liens against public officials in 18 U.S.C. § 1521 which is aptly described by the Government in its indictment as Filing False Retaliatory Lien Against Federal Officials and it provides that "[w]hoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in 18 U.S.C. § 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrances is false or contains any materially false, fictitious, or fraudulent states

or representations, shall be fined .. or imprisoned for not more than 10 years, or both."

When reviewing statutory construction, the Court's review is *de novo*. United States v. Frye, 402 F.3d 11123, 1126 (11th Cir. 2005). The Court must also review de novo "[w]hether a criminal statute reaches a defendant's conduct." United States v. Lopez-Vanegas, 493 F.3d 1305, 1311 (11th Cir. 2007). In interpreting the scope of a statute, the Court must first look to its language. United States v. Turkette, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527 (1981). If the language of the statute is unambiguous the analysis is done. United states v. Garcia, 718 F.2d 1528 (11th Cir. 1983) (review of legislative history is only justified when a statute is inescapably ambiguous). When the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances. Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 50 (1930) The "rule of lenity" calls for strict construction of criminal statutes when they are ambiguous. Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321 (1961).

A commonly used statute referenced by other federal criminal offenses is the cross referenced federal statute 18 U.S.C. §1114 for purposes of the False Lien Statute of § 1521 which defines the individual whom is the target or victim of such liens as "any officer or employee of the United States or of any agency in any branch

5

of the United States Government … while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance[.]"

Courts have interpreted § 1114 as having an expansive scope as it relates to the nexus of official duties and the identity of the victim: "while . . . engaged in or on account of the performance of official duties." United States v. Holder, 256 F3d 959, 965 (10th Cir. 2001) (citizen shot while returning from maintaining federal wetlands reserve with U.S. Department of Agriculture official was attacked because of assistance with officer's official duties); *see also* Unites States v. Hoy, 137 F.3d 726 (2d Cir.) (off-duty deputy U.S. Marshal assisting a woman whose purse had been snatched was engaged in official performance of his duties under sections 111and 1114), cert. denied, 525 U.S. 850, 119 S.Ct. 124 (1998); United States v. Clemons, 32 F.3d 1504, 1507-08 (11th Cir. 1994) (DEA agent who had pulled into gas station to call for pizza in route to late-night meeting to discuss search warrants was protected under pre-1996 version of section 1114), cert. denied, 514 U.S. 1087, 131 L.Ed. 2d 728, 115 S.Ct. 1801 (1995).

However, the scope of activities that encompass federal employees is a distinct and independent question of statutory interpretation as it relates to whether § 1114 includes former government employees and officials. An expansive interpretation of the former does not require an expansive interpretation of the latter, and the Government offers no principled reason why a plain reading of the statute would require adding former government employees and officials in current government employees and officials.

It is also important to consider Congress's inclusion of former § 1114 protection to the federal offense of assaulting certain federal officers and employees. Specifically, the 2006 statute 18 U.S.C. § 111(a)(2) states "whoever … forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service." (emphasis added). The False Lien statute section 1521 provides no such extension of protected persons as found in the assault of former federal employees enumerated in § 111. It is difficult to imagine in the voluminous reems of statutes passed by Congress that had Congress wanted to include former employees and officials it could clearly have done so as enumerated in section 111.

7

This Court dealt with a similar issue in 1994 when the Eleventh Circuit Court of Appeals issued its decision in *United States v. Kirkland*, 12 F3d 199 (1994). The Court in that opinion held that the victim, an employee of a private company contracted with the US Postal Service to provide drivers transporting mail, was not an "officer or employee of the Postal Service" within the meaning of § 1114. Id. at 203. The Government here wants the Court to interpret § 1114 even more broadly than in *Kirkland*; here, the Government wants to not include all former government employees forever and ever so long as there can be some indicia that the lien is related to past government service. This interpretation of adding former government employees as protected persons would be an enormous expansion of criminal activity by judicial feat creating federal crimes where there is none defined by statute.

The United States Court of Appeals for the Fifth Circuit dealt with a similar issue regarding crimes against retired public officials in retaliation for his official actions in *United States v. Raymer*, 876 F.2d 383 (1989). Mr. Raymer had threatened to kill a retired public official in violation of 18 U.S.C. § 115 which references 18 U.S.C. § 1114 to define government official and employees. The court relied on

8

paragraph (a)(2) of § 115 which extends the protections of government employees to "any person who formerly served as a person designated in paragraph (1) [of § 115(a)]" to conclude that Congress by this amendment wished to make clear that a former official's family was covered by § 115. This inclusion of family members of former officials was interpreted by the 5th Circuit COA as support for its interpretation that the applicable version of the statute included in its coverage death threats to retired officials for their official acts. Congress felt it necessary to make clear that families of retired officials were protected by § 115 and that Congress must have felt no need to state separately that retired officials themselves were protected because Congress felt that they already were covered under the statute. Id. at 390.

However, there is no such companion provision to § 1521 that extends its protection of false liens to family members to prior government officials and employees. The sole basis for extending penumbra of protected individuals in § 115 is absent in § 1521. Considering the length of time Congress has had to enumerate former government officials in § 1521 as it did so in § 115 to determine whether former government officials are protected by §§ 1521 and 1114 since the 1989 decision in *United States v. Raymer*, it is clear that Congress had no such intention of including such former employees and officials.

9

There are ample reasons why Congress may not have included former government employees as persons protected by § 1521. Congress could have determined former government officials are significantly less likely to be engaged as targets of paperwork terrorism versus physical violence and threats. This is especially true when differentiating the offenses proscribed by §§ 115 and 1521. The former deals with immediate real violence and attempts at violence where as the latter proscribes actions that concern legal process. The goal or intent of legal process abuse are not clear when the target is not connected to their position in government. In other words, Congress was more concerned with the immediacy of physical violence providing a motivation of retribution from their work than legal frivolity that is less connected to former officials who have no longer have the ability to conform to absurd requests by sovereign citizens. If Congress were so concerned, it would have extended § 1521's penumbra of protected persons to family members of such retired government officials. And Congress chose not to do so.

## **CONCLUSION**

For the reasons stated above, Appellant Timothy Jermaine Pate respectfully requests this Court vacate his convictions as to counts 1, 5, 6, and 8 and remand this case to the district court for further proceedings.

Respectfully submitted this 20th day of July, 2020 by:

/s/ Justin D. Maines
Justin D. Maines
Georgia Bar No. 549279

The Nye Law Group, P.C.
2008 Whitaker Street
Savannah, Georgia 31401

## **CERTIFICATE OF COMPLIANCE**

Counsel for the Appellee hereby certifies that this brief complies with the type volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 2,190 words and was prepared using Pages in 14-point Times New Roman font.

/s/ Justin D. Maines
Justin D. Maines
Georgia Bar No. 549279

The Nye Law Group, P.C.
2008 Whitaker Street
Savannah, Georgia 31401

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2020, I am CJA appointed counsel for Appellant and that Pursuant to 11th Cir.R. 31-5(c), this brief was electronically uploaded to the Eleventh Circuit Court of Appeals' website, www.ca11.uscourts.gov, and served on all parties of record on this date.

/s/ Justin D. Maines
Justin D. Maines
Georgia Bar No. 549279

The Nye Law Group, P.C.
2008 Whitaker Street
Savannah, Georgia 31401