IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Case No. 20-10545

_____

UNITED STATES OF AMERICA,

Appellee,

vs.

TIMOTHY JERMAINE PATE,

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

_____

**PETITION FOR REHEARING EN BANC**

_____

Justin D. Maines
Georgia Bar No. 549279
The Nye Law Group, P.C.
119 Southern Boulevard
Savannah, Georgia 31405
(912) 200-5230

## **CERTIFICATE OF INTERESTED PERSONS**

Pursuant to FRAP 26.1 and 11th Cir. R. 26.1, Appellant certifies that the following persons have an interest in the outcome of this case:

Maines, Justin D., Counsel for Appellant

Baker, Jr., Honorable R. Stanley, United States District Court Judge

Howard, Christopher, Assistant United States Attorney

Greenwood, Nancy C., Assistant United States Attorney

Pate, Timothy J., Appellant

Garland, Merrick Brian, United States Attorney General

Brown, Joseph R., United States Probation Officer

The Nye Law Group, P.C., Counsel for Appellant

**STATEMENT OF COUNSEL**

The question presented here is whether a former government official an "officer or employee of the United States" within the meaning of 18 U.S.C. § 1114 and, thereby, of 18 U.S.C. § 1521. Holding that former officials who retired from civil service are still "officer[s] or employee[s] of the United States," construes the pivotal phrase in a manner that is neither pain nor ordinary and expands rather than narrows criminal liability broadly with no legislative intent. Based on my reasoned and studied professional judgment, I believe this is a question of exceptional importance.

# TABLE OF CONTENTS

Certificate of Interested Persons And Corporate Disclosure Statement. . . . . . . . C-1

Statement of Counsl …………………………………………………..i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Issues for En Banc Consideration. . . . . . . .. . . . . .. . . . . . . 1

Course of Proceedings and Disposition of the Case …………………………….2

Statement of Facts…………………………………………………..2

Summary of Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Citation of Authority……………………………………..4

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .... .14

Certificate of Compliance.........................................................15

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... ..16

# TABLE OF AUTHORITIES

## Statutes, Regulations, and Administrative Materials

1 U.S.C. § 1…………………………………………………..……………..4

4 U.S.C. § 111……………………………………………………….…12

18 U.S.C. § 111…………………………………………………..…………..6

18 U.S.C. § 115......................................................................6,7

18 U.S.C. § 152……………………………………………………….…2

18 U.S.C. § 1114……………………………………1, 3, 5, 6, 7, 8, 9, 10, 11, 14

18 U.S.C. § 1521.....................................i, 1, 2, 3, 7, 8, 9, 10, 11, 12, 14

42 U.S.C. § 2000…………………………………………………………….11

## Cases

Corley v. United States, 556 U.S. 303 (2009)……………………………………10

Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund, 138 S. Ct. 1061 (2018) ………………14

Davis v. Michigan Department of Treasury, 489 U.S. 803 (1989)………………12, 13

Duncan v. Walker, 533 U.S. 167  (2001)…………………………………………..6

Iselin v. United States, 270 U.S. 245 (1926)……………………………..……………14

Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021)………………………..……..4

Nichols v. United States, 136 S. Ct. 1113 (2016)……..…………………….……………14

Robinson v. Shell Oil Co., 519 U.S. 337 (1997)………………………...11, 12, 13

Spencer v. Specialty Foundry Prods. Inc., 953 F.3d 735 (11th Cir. 2020)……………...6

iii.

United States v. Caniff, 916 F.3d 929 (11th Cir. 2019)……………………..…..7

United States v. Gradwell, 243 U.S. 476 (1917)………………………………….11

United States v. Papagno, 639 F.3d 1093 (D.C. Cir. 2011)…………………………7

Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958 (11th Cir. 2016)…………………11

<u>Other Authorities</u>

Antonin Scalia & Bryan A. Garner, <u>Reading Law: The Interpretation of Legal Texts</u>

(2012)…………………………………………………………………………7

Black's Law Dictionary (10th ed. 2014)……………………………………...5

John F. Manning, <u>The Absurdity Doctrine</u>, 116 Harv. L. Rev. 2387 (2003)………4

Merriam-Webster's Collegiate Dictionary (11th ed. 2014)……………..…………..5

Oxford English Dictionary (online ed.)……………………………………….5

**STATEMENT OF THE ISSUES FOR EN BANC CONSIDERATION**

Is a former government official an "officer or employee of the United States" within the meaning of 18 U.S.C. § 1114 and, thereby, of 18 U.S.C. § 1521?

## COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE

A jury found Appellant Timothy Jermaine Pate guilty of 16 counts of Filing False Retaliatory Lien Against Federal Official in violation of 18 U.S.C. § 1521 and 5 counts of False Bankruptcy Declaration in violation of 18 U.S.C. § 152(3). In 2018, Included within these convictions, Pate filed false liens against two former government officials: former Commissioner of the Internal Revenue Service, John Koskinen, and former Secretary of the Treasury, Jacob Lew. Pate appealed the convictions pertaining to those two former officials. This Court, in a 2-to-1 decision, affirmed the district court's judgment.

## STATEMENT OF FACTS

The United States Government indicted Pate on sixteen counts of filing false retaliatory liens against federal officials in violation of 18 U.S.C. § 1521. Among the individuals whom Pate undeniably filed frivolous and retaliatory liens against, included two former government officials including former Commissioner of the Internal Revenue Service, John Koskinen, and former Secretary of the Treasury, Jacob Lew. However, at the time Pate filed the liens that pertain to those two former government officials, neither of them were officials in government service having left office some time prior to.

## ARGUMENT AND CITATION OF AUTHORITY

**Holding that two individuals who have retired from civil service are still officer[s] or employee[s] of the United States contravenes the structure and statutory context of §§ 1114 and 1521.**

### I.

In 2008, Congress codified the criminal offense of filing frivolous liens against public officials in 18 U.S.C. § 1521 which is aptly described by the Government in its indictment as Filing False Retaliatory Lien Against Federal Officials and it provides that "[w]hoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in 18 U.S.C. § 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrances is false or contains any materially false, fictitious, or fraudulent states or representations, shall be fined ... or imprisoned for not more than 10 years, or both."

To understand who the protected individual is within § 1521, the Court must look to the statutory section it cites: 18 U.S.C. § 1114 which was in enacted in 1934 and defines the individual whom is the target or victim of such liens as "any officer or employee of the United States or of any agency in any branch of the United States

Government … while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance[.]"

As the Supreme Court recently stated, "[w]hen called on to resolve a dispute over a statute's meaning, [a court] normally seeks to afford the law's terms their ordinary meaning at the time Congress adopted them." Niz-Chavez v. Garland, 141 S. Ct. 1474, 1480 (2021). In other words, the Court must "ask how a reasonable person, conversant with the relevant social and linguistic conventions, would read the text in context." John F. Manning, The Absurdity Doctrine, 116 Harv. L. Rev. 2387, 2392-93 (2003). More particularly the Court must ask whether the phrase as used here- would be understood by the average speaker of American English to include *former* officers or employees of the United States. It would not be understood in that manner.

## II.

The Court should start with the ordinary meaning of the statutory phrase's constituent parts. With respect to the term "officer," the Dictionary Act provides a helpful hint. It states that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . 'officer' includes any person authorized by law to per- form the duties of the office." 1 U.S.C. § 1. Needless to say, after one leaves

office, he is no longer "authorized by law to perform the duties of the office." So the Dictionary Act gives us one good reason to think that § 1114's reference to federal "officer[s]" is best read to mean *current* officers.

Standard dictionary definitions of both "officer" and "employee" likewise indicate an element of currency. Consider the present-tense verbs used to define those terms. The Oxford English Dictionary defines "officer" as a "person who *holds* a particular office, post, or place," and as one "*holding* office and *taking* part in the management or direction of a society or institution, esp[ecially] one *holding* the office of president, treasurer, or secretary; an office-holder." *Officer*, Oxford English Dictionary (online ed.). It similarly defines "employee" in present-tense terms as a "person who *works* for an employer." *Employee*, *id*.[2] Merriam-Webster's Collegiate Dictionary is of a piece. It defines "officer" as "one who *holds* an office of trust, authority, or command," *Officer*, Merriam-Webster's Collegiate Dictionary 861 (11th ed. 2014), and "employee" as "one *employed* by another usu[ally] for wages or salary and in a position below the executive level," *Employee*, *id.* at 408. So too, Black's Law Dictionary: An "officer" is "[s]omeone who *holds* an office of trust, authority, or command." *Officer*, Black's Law Dictionary (10th ed. 2014). And an "employee" is "[s]omeone who *works* in the service of another person (the employer) under an express or implied contract of hire." *Employee*, *id*.

5

The popular and legal dictionaries' concurrence is powerful evidence of those terms' ordinary meanings. *See, e.g.*, <u>Spencer v. Specialty Foundry Prods. Inc.</u>, 953 F.3d 735, 740 (11th Cir. 2020). Here, those sources indicate that the words "officer" and "employee" ordinarily refer to those presently holding office or employed, not those who formerly held office or were so employed.

Pate's ordinary-meaning, present-tense interpretation is confirmed by the broader statutory context—in particular, by other statutes that incorporate § 1114. Both 18 U.S.C. § 111 and 18 U.S.C. § 115 include explicit references to individuals "who formerly served as a person designated" in § 1114. Those cross-references make perfect sense on Pate's reading of § 1114—they refer to an individual "who formerly served as [an officer or employee of the United States]." The majority's decidedly *un*-ordinary current- or-former-officer-or-employee interpretation, by contrast, makes nonsense of them; on that reading, those statutes cover any individual "who formerly served as [a current or former officer or employee of the United States]." Because, in the majority's view, § 1114 has *always* included former employees and officers, § 111's and § 115's specific references to former officers and employees are superfluous. *But see* <u>Duncan v. Walker</u>, 533 U.S. 167, 174 (2001) (emphasizing that courts should "give effect, if possible, to every clause and word of a statute" (quotation marks omitted)).

What's more, the fact that Congress chose to modify § 111's and § 115's cross-references to § 1114 to explicitly include former officers and employees suggests that absent some similar modification, § 1114 doesn't include them. The language that Congress used in §§ 111 and 115—referring to those "who formerly served as a person designated" in § 1114—would support Pate's convictions if it existed in § 1521. But it doesn't, and so it can't. *Cf.* United States v. Papagno, 639 F.3d 1093, 1099–1100 & n.3 (D.C. Cir. 2011) (Kavanaugh, J.) (explaining that when Congress deploys different statutory language within the same field of legislation, "dissimilar language need not always have been enacted at the same time or found in the same statute" to support inferences about statutory meaning).

Unsurprisingly, the dictionary definitions and the evidence from statutory context cohere with how the words "officer" and "employee" are used in everyday parlance. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012) ("Words are to be understood in their ordinary, everyday meanings . . . ."); United States v. Caniff, 916 F.3d 929, 941 (11th Cir. 2019) (Newsom, J., concurring in part and dissenting in part) (emphasizing the import of "how people talk"), *vacated and super- seded*, 955 F.3d 1183 (11th Cir. 2020) (per curiam). Federal judges, for instance, had jobs before they came to the bench. Some of them worked in private practice, others in state government. But it would be passing strange to describe

7

a judge as an "employee" of the law firm for which she used to work. And it would be stranger still to describe a *federal* judge as an "officer" of a *state* she used to serve.

A hypothetical underscores the point. Imagine a law providing that "officers or employees" of the IRS may not take money from accounting firms. Suppose further that on the very same day that Pate filed a lien against him, Koskinen had accepted a job with one of the "Big Four" that came with a generous signing bonus. Would we think Koskinen had violated the law? Inconceivable. Reasonably read, our hypothetical statute's prohibition on taking money from accounting firms ends when government employment does. And so it is with § 1114.

### III

The majority presents several arguments for reading § 1114—and thus § 1521—to include former officers and employees. None is persuasive. First, the majority proposes a two-track reading of § 1114 that, on its theory, enables § 1521 to reach former federal officers and employees. The key division, from the majority's perspective, is between (a) crimes committed "*while such officer or employee is engaged in* . . . the performance of official duties" and (b) those committed "*on account of* the performance of official duties." 18 U.S.C. § 1114 (emphasis added); *see* Maj. Op. at 8–11, 13–14. The first plainly includes a temporal element—hence the "while." In contrast, the majority observes, § 1114's "on account of" language contains no temporal

8

element—only a causal one. And "[n]otably," the majority says, § 1521 "does not contain a temporal restriction" at all, as "in the dual qualifications of § 1114." Maj. Op. at 11. So, it concludes, the "only" thing that matters is that the victim was targeted "on account of" his official actions; whether he's a current or former federal officer or employee is "of no consequence." *Id.*

The majority's interpretation doesn't withstand careful scrutiny. First, and most immediately, it makes a mess of § 1114's syntax. Both the "while engaged in" and "on account of" clauses relate to the performance of official duties—in particular, they explain the relationship that a killing must have to an officer's or employee's performance of official duties in order to constitute a crime under § 1114. *See* 18 U.S.C. § 1114 (forbidding the killing of federal officers and employees "while such officer or employee *is engaged in or on account of* the performance of official duties" (emphasis added)). But these clauses, which operate to *limit* the circumstances under which criminal liability exists by virtue of § 1114, provide no basis on which to *expand* the scope of the terms that precede them.

In much the same way, the majority's reading conflicts with § 1521's structure. That provision forbids filing "any false lien or encumbrance against the real or personal property of an in- dividual described in section 1114, on account of the performance of official duties by that individual." 18 U.S.C. § 1521. Accordingly,

criminal liability arises when someone (1) files a false lien (2) against the property of a qualifying individual (3) on account of that individual's performance of official duties.[4]  The majority's reading, at bottom, means that whenever the third, "on account of" condition is met, the second is satisfied as well.  But that ignores the fact that in order to be a qualifying individual, the victim must be an "officer or employee of the United States."

Next, the majority observes that we should strive to interpret a statute "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."  Maj. Op. at 9 (quoting Corley v. United States, 556 U.S. 303, 314 (2009)).  The majority maintains that a plain-text reading fails to give the "on account of" language in § 1521 any meaningful effect.  But the majority overlooks a key piece of its own statement— namely that, in addition to requiring a causal connection between the officer or employee's discharge of his or her official duties and the lien's filing, the statute requires, separately, that the victim *be* "a federal officer or employee." *Id.*; *see also* 18 U.S.C. § 1114. Both causation and job status are necessary conditions to conviction, and neither is superfluous of the other. The majority singularly—and impermissibly—focuses on one textual limitation to liability to the exclusion of the other.

Courts have long recognized that "before a man can be punished as a criminal under the Federal law his case must be plainly and unmistakably within the provisions of some statute." United States v. Gradwell, 243 U.S. 476, 485 (1917) (quotation marks omitted); *see also* United States v. Wiltberger, 18 U.S. 76, 96 (1820) ("The case must be a strong one indeed, which would justify a Court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest."). "Elevating general notions of purpose over the plain meaning of the text is inconsistent with our judicial duty to interpret the law as written." Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 970 (11th Cir. 2016) (en banc). "[A]s written," § 1114 doesn't cover former federal officers and employees, and § 1521 thus doesn't prohibit false liens against their property.[7]

None of this, of course, is to say that the terms "officer" and "employee" can *never* include formers. But examining decisions that have held that other statutes use those terms to cover former officers and employees shows that § 1114, as incorporated into § 1521, is quite different. *See* Robinson v. Shell Oil Co., 519 U.S. 337 (1997). There, the Supreme Court held "that the term 'employees,' as used in 18 U.S.C. § 2000, is ambiguous as to whether it includes former employees." Id. at 346. Faced with that ambiguity, the Court concluded that it was "more consistent with the

broader context of Title VII and the primary purpose of § 704(a)" to hold "that former employees are included within § 704(a)'s coverage." Id. Critically, though, in that case the Court had at least one solid textual indicator that "employee" carried a broader meaning. Under Title VII, "employees" have access to remedial mechanisms for unlawful dis- charges, and because any discharged employee is necessarily a former employee, the remedial mechanism for retaliatory firings makes sense only if "employees" includes former employees. Id. at 345. No such textual indicator exists here.

*Davis v. Michigan Department of Treasury*, 489 U.S. 803 (1989), is similar. That case presented the question whether retirement benefits paid to former federal employees came within the ambit of the following provision: The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States . . . by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation. 4 U.S.C. § 111(a).

In *Davis*, the Supreme Court rejected a state's contention that retired federal employees weren't protected by that provision. 489 U.S. at 808–10. In doing so, the Court emphasized the provision's focus on "pay or compensation for personal service as an officer or employee of the United States"—language that included federal

retirement benefits because such benefits "are deferred compensation earned 'as' a federal employee." Id. at 808. Noting that the non-discrimination clause referred and applied to such compensation, and reading that clause to be consistent with the preceding provision, the Court held that a retired federal civil servant's pension was entitled to the statute's protection. Id. at 809–10.

While an analogy can be made of this case to *Davis*—on some level, after all, retirement benefits for and retaliatory actions against a former federal employee both relate back to the individual's time in government service. Conceptually, that makes sense. But we deal with particular texts, not abstract concepts. And as already explained, the key timing element in § 1521's text—the moment when the Court must assess an individual's status—is when the retaliatory lien was filed. Of course, the time when the victim took the actions that led the perpetrator to retaliate matters too—the "on account of" condition makes that much clear. But while that condition is a necessary one, it's not sufficient. Thus, § 1521's text compels a different conclusion here than in *Davis*.

Taken together, then, *Robinson* and *Davis* establish that words like "officer" and "employee" can sometimes include formers but only when the statutory context makes clear that they should. Neither *Robinson* nor *Davis* suffices to show that the ordinary meaning of those terms includes ex-officers or erstwhile employees.

13

Here, given the absence of textual indicators supporting a broader reading of the terms, the Court cannot adopt the Government's expansive interpretation. <u>Nichols v. United States</u>, 136 S. Ct. 1113, 1118 (2016) ("As we long ago remarked in another context, '[w]hat the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function.'" (quoting <u>Iselin v. United States</u>, 270 U.S. 245, 251 (1926))).

## CONCLUSION

"The statute says what it says—or perhaps better put here, does not say what it does not say." <u>Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund</u>, 138 S. Ct. 1061, 1069 (2018). Because Pate filed his liens when his victims were no longer government "officer[s] or employee[s]" within the meaning of § 1114, his conduct (however improper) wasn't criminalized by 18 U.S.C. § 1521.

## CERTIFICATE OF COMPLIANCE

Counsel for the Appellee hereby certifies that this brief complies with the type volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 3,038 words and was prepared using Pages in 14-point Times New Roman font.

/s/ Justin D. Maines
Justin D. Maines
Georgia Bar No. 549279

The Nye Law Group, P.C.
119 Southern Blvd.
Savannah, Georgia 31405

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2022, I am CJA appointed counsel for Appellant and that Pursuant to 11th Cir.R. 31-5(c), this brief was electronically uploaded to the Eleventh Circuit Court of Appeals' website, www.ca11.uscourts.gov, and served on Appellant and all parties of record on this date.

/s/ Justin D. Maines
Justin D. Maines
Georgia Bar No. 549279

The Nye Law Group, P.C.
119 Southern Blvd.
Savannah, Georgia 31405